**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
           :

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, LONDON BRANCH,

           :    Case No. 1:21-cv-09441-PGG

        Plaintiff,

    - against -

           :    **ANSWER TO**
           :    **COUNTERCLAIM**

TESLA, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiff-Counterclaim Defendant JPMorgan Chase Bank, National Association, London Branch ("JPMorgan"), by and through its undersigned attorneys, answers the Counterclaim filed by Defendant-Counterclaim Plaintiff Tesla, Inc. ("Tesla"), as follows:

       1.    JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 1 and therefore denies them. JPMorgan otherwise denies the allegations in Paragraph 1, except admits that Tesla delivered the undisputed amount of shares due under the Warrants.[1]

       2.    JPMorgan denies the allegations in Paragraph 2, except admits that JPMorgan acquired warrants on Tesla's common stock expiring in 2021, with an original Strike Price of $560.6388 per share, which are governed by the Agreements. JPMorgan respectfully refers the Court to those documents for their full and accurate contents and terms. JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations in footnote

---

[1] Unless otherwise defined, all capitalized terms used in this Answer shall have the meaning set forth in JPMorgan's Complaint, Dkt. No. 1.

1 of Paragraph 2 and therefore denies them, except admits the original Strike Price of $560.6388

per share upon expiration in 2021 is the equivalent of $112.12776 per share after Tesla's five-

for-one stock split on August 31, 2020.

3.  JPMorgan denies the allegations in Paragraph 3, except admits that JPMorgan

adjusted the Strike Price on the Warrants from $560.6388 to $424.66 per share based on the

occurrence of an Announcement Event caused by Tesla's announcement of a potential going-

private transaction, including by means of a tweet made by Elon Musk on August 7, 2018.

JPMorgan respectfully refers the Court to the tweet for its full and accurate contents.

4.  The first sentence of Paragraph 4 purports to state legal conclusions to which no

response is required.  To the extent a response is required, JPMorgan denies the allegations in the

first sentence of Paragraph 4.  JPMorgan denies the remaining allegations in Paragraph 4, except

admits that JPMorgan made a first adjustment to the Strike Price on the Warrants from

$560.6388 to $424.66 per share based on the occurrence of an Announcement Event caused by

Tesla's announcement of a potential going-private transaction, and made a second adjustment to

the Strike Price from $424.66 to $484.35 based on the occurrence of a second Announcement

Event caused by Tesla's announcement that it was abandoning the proposed going-private

transaction.

5.  The first sentence of Paragraph 5 purports to state legal conclusions to which no

response is required.  To the extent a response is required, JPMorgan denies the allegations in the

first sentence of Paragraph 5.  JPMorgan denies the remaining allegations in Paragraph 5, except

admits that it made certain adjustments to the Strike Price in August 2018 and that the Warrants

expired in 2021.

6.      JPMorgan denies the allegations in the first and second sentences of Paragraph 6,

except admits that JPMorgan demanded the amount of shares due under the contract at the

adjusted Strike Price in 2021, and later calculated the Early Termination Amount due based on

Tesla's Event of Default as $162,216,638.81.  The third sentence of Paragraph 6 purports to state

legal conclusions to which no response is required.  To the extent a response is required,

JPMorgan denies the allegations in the third sentence of Paragraph 6.

7.      The first and second sentences of Paragraph 7 purport to state legal conclusions to

which no response is required.  To the extent a response is required, JPMorgan denies the

allegations in the first and second sentences of Paragraph 7.  JPMorgan denies information or

knowledge sufficient to form a belief as to the truth of the allegations in the third and fourth

sentences of Paragraph 7 and therefore denies them.

8.      The first and fourth sentences of Paragraph 8 purport to state legal conclusions to

which no response is required.  To the extent a response is required, JPMorgan denies the

allegations in the first and fourth sentences of Paragraph 8.  JPMorgan denies the remaining

allegations in Paragraph 8, except admits that the adjustments were based on the change in the

average implied volatility caused by Tesla's Announcement Events.

9.      The fourth sentence of Paragraph 9 purports to state legal conclusions to which no

response is required.  To the extent a response is required, JPMorgan denies the allegations in the

fourth sentence of Paragraph 9 and respectfully refers the Court to the Agreements for their full

and accurate contents and terms.  JPMorgan denies the remaining allegations in Paragraph 9.

10.     The second sentence of Paragraph 10 purports to state legal conclusions to which

no response is required.  To the extent a response is required, JPMorgan denies the allegations in

the second sentence of Paragraph 10.  JPMorgan denies knowledge or information sufficient to

form a belief as to the truth of the allegations in Figure 1 and therefore denies them.  JPMorgan

denies the remaining allegations in Paragraph 10, except admits that the final settlement amount

due under the contract reflected the Strike Price adjustments that JPMorgan had made in August

2018.

11.     JPMorgan denies the allegations in Paragraph 11, except admits that the final

settlement amount due under the contract reflected the Strike Price adjustments that JPMorgan

had made in August 2018.

12.     The second and fourth sentences of Paragraph 12 purport to state legal conclusions

to which no response is required.  To the extent a response is required, JPMorgan denies the

allegations in the second and fourth sentences of Paragraph 12, and respectfully refers the Court

to the Agreements for their full and accurate contents and terms.  JPMorgan denies the remaining

allegations in Paragraph 12, except admits that the Warrants settled between June 3, 2021 and

July 29, 2021, that JPMorgan provided Tesla with a notice of the Early Termination Amount on

August 4, 2021, and that the Early Termination Amount includes losses based on the average

price paid to acquire the replacement shares needed to close out a short hedge position

corresponding to the shares Tesla failed to deliver.

13.     Paragraph 13 purports to state legal conclusions to which no response is required.

To the extent a response is required, JPMorgan denies the allegations in Paragraph 13.

14.     JPMorgan denies the allegations in Paragraph 14, except admits that an affiliate of

JPMorgan served as an underwriter for an offering of Tesla's convertible senior notes.

15.     JPMorgan admits the allegations in the first sentence of Paragraph 15, except

denies Tesla's definition of the "Bond Hedge."  JPMorgan denies the remaining allegations in

Paragraph 15, except admits that Tesla paid a premium to JPMorgan in exchange for call options

in Tesla stock corresponding to the number of shares that Tesla would owe to investors upon conversion of their notes (the "Bond Hedge").

16.     JPMorgan admits the allegations in Paragraph 16 as to itself using the definition of Bond Hedge set forth in JPMorgan's response to Paragraph 15.  JPMorgan denies information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 with respect to the other Dealer Banks and therefore denies them.

17.     JPMorgan admits the allegations in Paragraph 17 with respect to a portion of the Warrants, but denies that all of the Warrants were governed solely by the Base Confirmation dated February 27, 2014, and respectfully refers the Court to the Agreements for their full and accurate contents and terms.

18.     JPMorgan admits the allegations in Paragraph 18, except denies that the Strike Price was "set at $560.6388 per share" and respectfully refers the Court to the Agreements for their full and accurate contents and terms.

19.     JPMorgan admits the allegations in Paragraph 19.

20.     JPMorgan admits that the Agreements provide for adjustments in certain circumstances and that the quoted language in Paragraph 20 appears in the Agreements, and respectfully refers the Court to the Agreements for their full and accurate contents and terms. JPMorgan denies the remaining allegations in Paragraph 20.

21.     JPMorgan admits that the quoted language in Paragraph 21 appears in the Agreements and respectfully refers the Court to the Agreements for their full and accurate contents and terms.

22.     JPMorgan admits that the quoted language in Paragraph 22 appears in the

Agreements and respectfully refers the Court to the Agreements for their full and accurate

contents and terms.

23.     JPMorgan admits that the quoted language in Paragraph 23 appears in the

Agreements and respectfully refers the Court to the Agreements for their full and accurate

contents and terms.  The third sentence of Paragraph 23 purports to state a legal conclusion to

which no response is required.  To the extent a response is required, JPMorgan denies the

allegations in the third sentence of Paragraph 23 and respectfully refers the Court to the

Agreements for their full and accurate contents and terms.

24.     Paragraph 24 purports to state legal conclusions to which no response is required.

To the extent a response is required, JPMorgan denies the allegations in Paragraph 24 and

respectfully refers the Court to the Agreements for their full and accurate contents and terms.

25.     JPMorgan denies the allegations in Paragraph 25, except admits that the language

quoted in Paragraph 25 is an incomplete quote of an August 7, 2018 tweet by Mr. Musk and

respectfully refers the Court to that tweet for its full and accurate contents.

26.     JPMorgan denies the allegations in Paragraph 26, except admits to the existence of

an August 13, 2018 post on Tesla's blog attributed to Mr. Musk and respectfully refers the Court

to that blog post for its full and accurate contents.

27.     JPMorgan denies the allegations in Paragraph 27, except admits to the existence of

an August 13, 2018 post on Tesla's blog attributed to Mr. Musk and respectfully refers the Court

to that blog post for its full and accurate contents.

28.     The first sentence of Paragraph 28 purports to state legal conclusions to which no

response is required.  To the extent a response is required, JPMorgan denies the allegations in the

first sentence of Paragraph 28.  JPMorgan denies information or knowledge sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies them,

except admits to the existence of an August 24, 2018 post on Tesla's blog attributed to Mr. Musk

and respectfully refers the Court to that blog post for its full and accurate contents.

29.     Paragraph 29 purports to state legal conclusions to which no response is required.

To the extent a response is required, JPMorgan denies the allegations in Paragraph 29.

30.     JPMorgan admits sending a letter dated August 17, 2018 to Tesla concerning the

adjustment to the Strike Price it made on August 15, 2018, and respectfully refers the Court to

that letter for its full and accurate contents.

31.     Paragraph 31 purports to state legal conclusions to which no response is required.

To the extent a response is required, JPMorgan denies the allegations in Paragraph 31.

32.     The first and second sentences of Paragraph 32 purport to state legal conclusions to

which no response is required.  To the extent a response is required, JPMorgan denies the

allegations in the first and second sentences of Paragraph 32.  JPMorgan denies information or

knowledge sufficient to form a belief as to the truth of the allegations in the third and fourth

sentences of Paragraph 32 with respect to the state of mind of Tesla's board of directors and

therefore denies them.  JPMorgan denies the remaining allegations in Paragraph 32.

33.     The first sentence of Paragraph 33 purports to state legal conclusions to which no

response is required.  To the extent a response is required, JPMorgan denies the allegations in the

first sentence of Paragraph 33.  JPMorgan denies the remaining allegations in Paragraph 33,

except admits the existence of certain research reports issued by its affiliate that contain the

language quoted in Paragraph 33 and respectfully refers the Court to those reports for their full

and accurate contents.

34.     JPMorgan denies information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 34 regarding the state of mind of unidentified "responsible individuals in JPM's Equity-Linked Capital Markets division and across the bank," and therefore denies them.  JPMorgan denies the remaining allegations in the first sentence of Paragraph 34.  The second sentence of Paragraph 34 purports to state legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in the second sentence of Paragraph 34.

35.     JPMorgan denies information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 35 and therefore denies them.  The second sentence of Paragraph 35 purports to state legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in the second sentence of Paragraph 35.  JPMorgan denies the remaining allegations in Paragraph 35.

36.     The first sentence of Paragraph 36 purports to state legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in the first sentence of Paragraph 36.  JPMorgan denies the remaining allegations in Paragraph 36, except admits making an adjustment based on the difference between the average implied volatility before the Announcement Event and the average implied volatility after the Announcement Event as measured from August 7, 2018 to August 15, 2018.

37.     The first sentence of Paragraph 37 purports to state legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in the first sentence of Paragraph 37.  JPMorgan denies the remaining allegations in Paragraph 37.

38.     The second sentence of Paragraph 38 purports to state legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in

the second sentence of Paragraph 38.  JPMorgan admits the allegations in the first, third, and

fourth sentences of Paragraph 38, except denies that the procedure was "self-serving."

JPMorgan denies information or knowledge sufficient to form a belief as to the truth of the

allegations in the fifth sentence of Paragraph 38 and Figure 2 and therefore denies them.

      39.    Paragraph 39 purports to state legal conclusions to which no response is required.

To the extent a response is required, JPMorgan denies the allegations in Paragraph 39.

      40.    The first, second, and fifth sentences of Paragraph 40 purport to state legal

conclusions to which no response is required.  To the extent a response is required, JPMorgan

denies the allegations in the first, second, and fifth sentences of Paragraph 40.  JPMorgan denies

information and knowledge sufficient to form a belief as to the truth of the allegations in the

third and fourth sentences of Paragraph 40 and therefore denies them.

      41.    The fourth and fifth sentences of Paragraph 41 purport to state legal conclusions to

which no response is required.  To the extent a response is required, JPMorgan denies the

allegations in the fourth and fifth sentences of Paragraph 41.  JPMorgan denies the remaining

allegations in Paragraph 41, except admits that the Bond Hedge and the Warrants were part of a

call spread in connection with Tesla's convertible notes offering, and the Adjustments resulting

from Tesla's Announcement Events reduced the difference between the strike price of the Bond

Hedge and the Strike Price of the Warrants.

      42.    JPMorgan denies the allegations in the first and second sentences of Paragraph 42.

JPMorgan denies information and knowledge sufficient to form a belief as to the truth of the

allegations in the third sentence of Paragraph 42 and therefore denies them.

      43.    Paragraph 43 purports to state legal conclusions to which no response is required.

To the extent a response is required, JPMorgan denies the allegations in Paragraph 43.

44.     Paragraph 44 purports to state legal conclusions to which no response is required. To the extent a response is required, JPMorgan denies the allegations in Paragraph 44 and respectfully refers the Court to the Agreements for their full and accurate contents and terms.

45.     Paragraph 45 purports to state legal conclusions to which no response is required. To the extent a response is required, JPMorgan denies the allegations in Paragraph 45, except admits that Tesla announced the abandonment of the going-private transaction in an August 24, 2018 blog post and respectfully refers the Court to that blog post for its full and accurate contents.

46.     JPMorgan admits sending a letter dated August 29, 2018 to Tesla concerning the adjustment to the Strike Price it made on August 29, 2018, and respectfully refers the Court to that letter for its full and accurate contents.  The remaining allegations in Paragraph 46 purport to state legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the remaining allegations in Paragraph 46, except admits that the two adjustments were of different sizes.

47.     Paragraph 47 purports to state legal conclusions to which no response is required. To the extent a response is required, JPMorgan denies the allegations in Paragraph 47.

48.     JPMorgan denies the allegations in Paragraph 48, except admits that the second adjustment was based on the difference between the average implied volatility of Tesla options in the days before and in the days after the second Announcement Event on August 24, 2018.

49.     The second and fourth sentences of Paragraph 49 purport to state legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in the second and fourth sentences of Paragraph 49.  JPMorgan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Figure 1 and in the

third sentence of Paragraph 49 and therefore denies them.  JPMorgan denies the remaining

allegations in Paragraph 49.

50.     JPMorgan denies information or knowledge sufficient to form a belief as to the

truth of the allegations in Figure 3 and therefore denies them.  The remaining allegations in

Paragraph 50 purport to state legal conclusions to which no response is required.  To the extent a

response is required, JPMorgan denies the remaining allegations in Paragraph 50.

51.     JPMorgan denies information or knowledge sufficient to form a belief as to the

truth of the allegations in Figure 4 and therefore denies them.  JPMorgan denies the remaining

allegations in Paragraph 51, except admits that Tesla's stock price rose above the Strike Price by

the time the Warrants expired in 2021.

52.     The second sentence of Paragraph 52 purports to state legal conclusions to which

no response is required.  To the extent a response is required, JPMorgan denies the allegations in

the second sentence of Paragraph 52, and respectfully refers the Court to the Agreements for

their full and accurate contents and terms.  JPMorgan denies information or knowledge sufficient

to form a belief as to the truth of the allegations in the third sentence of Paragraph 52 and

therefore denies them.  JPMorgan denies the remaining allegations in Paragraph 52.

53.     Paragraph 53 purports to state legal conclusions to which no response is required.

To the extent a response is required, JPMorgan denies the allegations in Paragraph 53, and

respectfully refers the Court to the Agreements for their full and accurate contents and terms.

54.     Paragraph 54 purports to state legal conclusions to which no response is required.

To the extent a response is required, JPMorgan denies the allegations in Paragraph 54, except

admits that Tesla delivered what it called the "undisputed" portion of the Warrants by delivering

the amount of shares that would have been due under the initial, unadjusted Strike Price.

55.     JPMorgan denies the allegations in Paragraph 55, except admits that Tesla failed to deliver 228,775 additional shares due under the Agreements.

56.     Paragraph 56 purports to state legal conclusions to which no response is required. To the extent a response is required, JPMorgan denies the allegations in Paragraph 56.

57.     Paragraph 57 purports to state legal conclusions to which no response is required. To the extent a response is required, JPMorgan denies the allegations in Paragraph 57, and respectfully refers the Court to the Agreements for their full and accurate contents and terms.

58.     JPMorgan denies information or knowledge sufficient to form a belief as to the truth of the allegations in Figure 5 and therefore denies them.  The second sentence of Paragraph 58 purports to state legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in the second sentence of Paragraph 58, and respectfully refers the court to the Agreements for their full and accurate contents and terms. JPMorgan denies the remaining allegations in Paragraph 58, except admits that it valued the undelivered shares at $162,216,628.81 based on the average purchase price that JPMorgan paid to acquire replacement shares in the market on August 3, 2021.

59.     JPMorgan denies the allegations in Paragraph 59, except admits that Tesla initially objected to the Adjustments upon receipt of JPMorgan's notices in August 2018, and then objected subsequently in letters dated February 13, 2019 and May 21, 2021, and admits that JPMorgan provided Tesla with the support for its Adjustments upon Tesla's request and met with Tesla several times both at the time of the Adjustments and after Tesla's default in August 2021 to explain the basis for the Adjustments.

60.     Paragraph 60 purports to state legal conclusions to which no response is required. To the extent a response is required, JPMorgan denies the allegations in Paragraph 60.

61.     JPMorgan repeats and incorporates the above responses as if set forth fully herein.

62.     JPMorgan admits the allegations in Paragraph 62.

63.     Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in Paragraph 63.

64.     Paragraph 64 contains legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in Paragraph 64.

65.     Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in Paragraph 65.

66.     Paragraph 66 contains legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in Paragraph 66.

67.     JPMorgan repeats and incorporates the above responses as if set forth fully herein.

68.     JPMorgan admits the allegations in Paragraph 68.

69.     Paragraph 69 contains legal conclusions to which no response is required.  To the extent a response is required, JPMorgan denies the allegations in Paragraph 69.

The remaining paragraphs of the Counterclaim consist of Tesla's prayer for relief, to which no response is required.  To the extent Tesla's prayer for relief is construed to make allegations, JPMorgan denies those allegations.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct, and without assuming any burden that it would not otherwise bear, JPMorgan asserts the following defenses to Tesla's Counterclaim.

## FIRST DEFENSE

Tesla's claims fail, in whole or in part, because there was no breach of the Agreements.

## SECOND DEFENSE

Tesla's claims fail, in whole or in part, based on the terms of the Agreements.

## THIRD DEFENSE

Tesla's claims fail, in whole or in part, because Tesla is in breach of the Agreements.

## FOURTH DEFENSE

Tesla's claims are barred, in whole or in part, under the doctrines of unclean hands,

unjust enrichment, and/or other related doctrines and principles.

## FIFTH DEFENSE

Tesla fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE

Tesla is not entitled to the relief it seeks under the Agreements.

## SEVENTH DEFENSE

Tesla's claims for damages are barred, in whole or in part, because Tesla did not suffer

any legally cognizable injury or damages as a result of any alleged breach.

## EIGHTH DEFENSE

Tesla's claims are barred, in whole or in part, under the voluntary payment doctrine.

## NINTH DEFENSE

Tesla's claims are barred, in whole or in part, under the doctrines of estoppel, waiver,

acquiescence, laches, and/or other related doctrines and principles.

## TENTH DEFENSE

Tesla's claims for damages are barred, in whole or in part, because any alleged damages,

which JPMorgan denies, are speculative, remote, conjectural, and without basis in law or fact.

## ELEVENTH DEFENSE

Tesla's claims are barred, in whole or in part, by the doctrines of avoidable consequences and/or mitigation of damages.

## TWELFTH DEFENSE

Tesla's claims for prejudgment interest should be dismissed because the amount of damages (if any) was not readily ascertainable at the time its Counterclaim was filed.

## THIRTEENTH DEFENSE

Tesla is not entitled to the recovery of attorneys' fees, costs, and other out-of-pocket expenses.

## FOURTEENTH DEFENSE

Tesla's claims are barred, in whole or in part, by the doctrines of setoff and recoupment.

## FIFTEENTH DEFENSE

Tesla's claims are barred, in whole or in part, by the doctrine of pari delicto.

## SIXTEENTH DEFENSE

Tesla's claims are barred, in whole or in part, by the doctrine of ratification.

## SEVENTEENTH DEFENSE

Tesla's claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

## RESERVATION OF RIGHTS

JPMorgan has not knowingly and intentionally waived any applicable additional defenses, and reserves the right to raise any additional defenses not asserted herein of which it becomes aware at any subsequent stage of this action.  JPMorgan further reserves the right to amend its Answer and Affirmative Defenses accordingly and to delete defenses that it determines are not applicable during the course of discovery.

**PRAYER FOR RELIEF**

WHEREFORE, JPMorgan respectfully requests that the Court:

    a.   Render judgment that Tesla take nothing by this suit;

    b.   Dismiss Tesla's Counterclaim with prejudice;

    c.   Grant judgment against Tesla on JPMorgan's breach of

        contract claim and award JPMorgan its damages; and

    d.   Grant any other just and proper relief to which JPMorgan

        may be entitled.


Dated:    New York, New York
           February 21, 2022          DAVIS POLK & WARDWELL LLP


                       By:    */s/ Lawrence Portnoy*
                               Lawrence Portnoy
                               Greg D. Andres
                               Sheila R. Adams
                               Craig T. Cagney
                               Michael V. Pucci

                       450 Lexington Avenue
                       New York, New York 10017
                       (212) 450-4000
                       lawrence.portnoy@davispolk.com
                       greg.andres@davispolk.com
                       sheila.adams@davispolk.com
                       craig.cagney@davispolk.com
                       michael.pucci@davispolk.com

                       *Attorneys for JPMorgan Chase Bank,*
                       *National Association, London Branch*