**Davis Polk**

Lawrence Portnoy
+1 212 450 4874
lawrence.portnoy@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

May 11, 2022

Re: *JPMorgan Chase Bank, National Association, London Branch v. Tesla, Inc.*,
    Case No. 1:21-cv-9441 (PGG)

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

Dear Judge Gardephe:

  On behalf of Plaintiff JPMorgan Chase Bank, National Association, London Branch ("JPMorgan") in the above-captioned action against Tesla, Inc. ("Tesla"), we write to notify the Court that we intend to proceed with filing our Rule 12(c) motion. We have carefully considered the Court's preliminary views regarding JPMorgan's contemplated motion and believe that JPMorgan's forthcoming motion will address those reservations and, for the reasons briefly summarized below, that judgment on the pleadings is appropriate in this case.

  *First*, the purely legal questions of whether an Announcement Event occurred and whether Tesla has sufficiently pled any counterclaim may be resolved on the pleadings and will allow for the efficient resolution of at least a portion of this litigation. Tesla's position that these determinations require factual discovery is wrong. Tesla's admitted facts and the factual allegations in its counterclaim are sufficient to determine whether Announcement Events occurred, whether Tesla has any injury justifying its separate breach of contract counterclaim, and whether the declaratory judgment counterclaim is duplicative.

  *Second*, this case is one where the pleadings alone permit a court to resolve issues of good faith and commercial reasonableness. Rather than merely contest JPMorgan's ability to carry its burden of proof, Tesla has asserted its own inverse counterclaim for breach of contract. In doing so, it assumed an obligation to plead not only what adjustments JPMorgan made, but also to assert the facts establishing why it believes JPMorgan's adjustments were in bad faith and commercially unreasonable. Tesla's counterclaim therefore concedes what adjustments were made and how JPMorgan performed its calculations, which JPMorgan's motion will show were consistent with the methodology described in the contracts. Tesla alleges that JPMorgan made the adjustments out of spite and a desire to obtain a "windfall" profit by, for example, ignoring the increase in Tesla's volatility years after the going-private announcements, but these facts, even if assumed to be true—which they are not—are insufficient to plead bad faith and commercial unreasonableness as a matter of law.[1] Expert testimony supporting such allegations is unnecessary because it could not create a material dispute of fact on these issues.

  At the conference, the Court noted that the parties' pre-motion letters had not specifically addressed the standard when there are dueling claims and counterclaims on the same facts, and that

---

[1] *See, e.g.*, *Morgan Stanley & Co. Inc. v. Peak Ridge Master SPC Ltd.*, 930 F. Supp. 2d 532, 541 (S.D.N.Y. 2013) (concluding on pleadings that counterclaim allegations that plaintiff "could have traded differently and more judiciously so as not to destroy the value of the positions" failed to plead commercial unreasonableness because plaintiff was "not required . . . to choose the most beneficial trading strategy for" defendant "[n]or will the Court second-guess [plaintiff's] trading based on hindsight").

**Davis Polk**    Hon. Paul G. Gardephe

standard is determinative here.[2] For purposes of such a motion, Tesla's factual allegations in its counterclaim, as well as the factual allegations in JPMorgan's complaint that Tesla has not denied, are accepted as true.[3] Tesla can avoid judgment only if those alleged facts, construed in the light most favorable to Tesla, plausibly allege that JPMorgan acted in bad faith or in a commercially unreasonable manner.[4] In similar postures, when both parties have alleged their own sets of facts, courts have granted judgment on the pleadings, even when there are questions of good faith[5] and commercial reasonableness[6] at issue. In this case, the pleadings, even when read in the light most favorable to Tesla, do not plausibly allege bad faith or commercial unreasonableness on JPMorgan's part, and as a result the Court has sufficient facts before it to grant JPMorgan's motion for judgment on the pleadings.

JPMorgan and Tesla have conferred as to an appropriate briefing schedule, and the parties have agreed to the following schedule:

- Opening brief due: May 23, 2022
- Opposing brief due: June 23, 2022
- Reply brief due: July 18, 2022

JPMorgan has no objection to proceeding with discovery while the Court considers the motion. We thank the Court for its time and consideration of the parties' submissions and pleadings.

Respectfully submitted,

*/s/ Lawrence Portnoy*

Lawrence Portnoy

cc:   All counsel of record (via ECF)

**Memo Endorsed:** Briefing will proceed on the schedule set forth above. In addition to the issues raised by the Court at the pre-motion conference, the parties' briefs should address whether judgment on the pleadings may be granted only as to certain issues.

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge
Dated:  May 17, 2022

---

[2] Specifically, the Court noted, "So you seem to be suggesting that because Tesla filed a counterclaim, it would somehow be limited in the arguments that it could make in opposing your motion for a judgment on the pleadings. That's not a concept I'm really familiar with." May 4, 2022 Hr'g Tr. 21:1-5.

[3] *See Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010); *Kule-Rubin v. Bahari Grp. Ltd.,* No. 11 Civ. 2424, 2012 WL 691324, at *3 (S.D.N.Y. Mar. 5, 2012).

[4] *See, e.g., L-7 Designs, Inc. v. Old Navy, LLC*, No. 09 Civ. 1432, 2010 WL 157494, at *6 (S.D.N.Y. Jan. 19, 2010) ("[J]udgment on the pleadings is appropriate only if, drawing all reasonable inferences in favor of the non-moving party, the non-moving party has failed to allege facts that would give rise to a plausible claim for relief."), *aff'd in part, vacated in part, rev'd in part*, 647 F.3d 419 (2d Cir. 2011).

[5] *See L-7 Designs, Inc.*, 2010 WL 157494, at *6; *Citibank, N.A. v. Tormar Assocs. L.L.C.*, No. 15-CV-1932 (JPO), 2015 WL 7288652 (S.D.N.Y. Nov. 17, 2015). JPMorgan respectfully disagrees that *Tormar* is distinguishable. While, as the Court noted, *Tormar* did not address the commercial reasonableness of a Calculation Agent's calculation, it did resolve whether plaintiff acted in good faith, despite defendant's allegations that plaintiff's actions "conflicted with industry custom" and were motivated to increase its own profits. *Tormar*, 2015 WL 7288652, at *6-8. *Tormar* thus establishes that at least JPMorgan's good faith can be resolved on a Rule 12(c) motion.

[6] *See VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.*, 594 F.Supp.2d 334, 345-46 & n.8 (S.D.N.Y. 2008). In *VCG*, the court granted judgment on the pleadings on a Calculation Agent's breach of contract counterclaim, over the plaintiff's objection that a calculation was commercially unreasonable, because plaintiff had not alleged commercial unreasonableness in its complaint. *Id*.