# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION LONDON BRANCH,

     Plaintiff-Counter-
     Defendant,

  - against -

TESLA, INC.,

     Defendant-Counter-
     Claimant.

STIPULATED
CONFIDENTIALITY
AGREEMENT
AND PROTECTIVE ORDER

No. 21 Civ. 9441 (PGG)

PAUL G. GARDEPHE, U.S.D.J,

This Stipulated Confidentiality Agreement and Protective Order (the "Order") is entered into by and between (i) JPMorgan Chase Bank, National Association London Branch ("JPMorgan"); and (ii) Tesla, Inc. ("Tesla"). Together, JPMorgan and Tesla are the "Parties," and individually, each a "Party."

The Parties have sought or may seek certain "Discovery Material" (as defined below") from one another with respect to this action (the "Action") through requests for documents, interrogatories, depositions, subpoenas and other discovery requests (collectively, the "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Courts of the Southern and Eastern Districts of New York (the "Local Rules"), and the Individual Practices of this Court as applicable (together, the "Rules"). There are or may be certain persons or entities other than the Parties hereto ("Non-Parties") that may also be served with Discovery Requests in connection with this Action.

The Parties request that this Court issue this Order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and competitively sensitive information that the Parties and Non-Parties may need to disclose in connection with discovery in this Action.

WHEREAS, the Parties, through counsel, agree to the following terms; and WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this Action (including their respective corporate affiliates, successors, and assigns), their representatives, agents, experts and consultants, all Non-Parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1.      Access to Discovery Material shall not be provided to individuals or entities that are not Parties to this Action except as expressly provided herein.

2.      All deadlines stated herein shall be computed pursuant to the Rules.

3.      This Order applies to all "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this Action) produced pursuant to this Order in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced (including documents, information, and things produced to a Receiving Party for inspection,

whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

4.     This Order applies to all Non-Parties that are served with subpoenas in connection with this Action or who otherwise produce documents or are noticed for depositions with respect to this Action. All such Non-Parties are entitled to the protections afforded hereby and subject to the obligations herein upon signing the Non-Disclosure Agreement in the form attached hereto as an Exhibit and agreeing to be bound by the terms of this Order.

5.     Any Party or its counsel serving a subpoena upon a Non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the Non-Party recipient of such subpoena that he, she or it may designate documents or testimony in this Action produced pursuant to such subpoena according to the provisions herein. Except as set forth in paragraph 13, a Non-Party shall not have access to Confidential Discovery Material produced by the Parties or other Non-Parties to this Action.

6.     With respect to Discovery Material that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

7.     The Party or Non-Party producing or disclosing Discovery Material (each a "Producing Party") to any other Party (each a "Receiving Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

> (a)     previously non-disclosed financial information proprietary to the Producing Party (including without limitation profitability reports

or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)    previously non-disclosed material relating to ownership or control of any non-public company, its corporate affiliates, successors, and assigns;

(c)    previously non-disclosed business plans, product development information, or marketing plans proprietary to the Producing Party;

(d)    any information of a personal or intimate nature regarding any individual;

(e)    confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency or the former Office of Thrift Supervision as set forth in 12 C.F.R. § 4.32(b), exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. §§ 309.2, 309.5, and 309.6, and confidential information  of the Consumer Financial Protection Board as set forth in 12 C.F.R. § 1070.2, and any other records concerning supervision, regulation, and examination of banks, savings associations, their holding companies and affiliates, and records compiled in connection with the enforcement responsibilities of federal and state financial regulatory agencies that is not permitted to be disclosed to a third party absent consent of the applicable regulator or government agency ("Confidential Supervisory Information");

(f)    all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Confidential Supervisory Information; or

(g)    any other category of information this Court subsequently affords confidential status.

8.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4

9.     A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material ("Designated Material") either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

10.    If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Confidentiality Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated. In connection with any request for relief concerning the propriety of a "Confidential" designation, the Producing Party shall bear the burden of proof.

11.     If at any time before the trial of this Action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

12.     Inadvertent production of any Discovery Materials which a Party later claims in good faith should not have been produced because of a privilege including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information") will  not by itself  constitute a waiver  of  any applicable privilege. If a document containing privileged information or attorney work product has been inadvertently produced, the Producing Party shall request the return or destruction of such Inadvertently Produced Privileged Information within a reasonable period of time after the Producing Party discovers that it has produced such Information by providing written notice and the basis for a requested designation of privilege to the Receiving Party. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this Order, the Receiving Party shall immediately take commercially reasonable steps to return or destroy the Discovery Material (and copies thereof) and shall take commercially reasonable steps to return or destroy any work product that incorporates the Inadvertently Produced Privileged Information if the Requesting Party agrees with the Producing Party's designation. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis in writing within ten days of receipt of the Producing Party's notification. The

Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court regarding whether the privilege applies. The Parties shall preserve and may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved.

13.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

14.     Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)    the Parties to this Action, their insurers, counsel to their insurers;

    (b)    in-house attorneys for each Party to this Action;

    (c)    counsel retained specifically for this Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (d)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (e)    any mediator or arbitrator that the Parties engage in this matter, or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (g)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such

person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i)    stenographers engaged to transcribe depositions of the Parties' conduct in this Action; and

(j)    this Court, including any appellate court, its support personnel, and court reporters.

15.    Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 14(e), 14(g), or 14(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

16.    Any party filing documents under seal shall make a motion or obtain permission to do so in accordance with Section II (Sealing Requests) of the Individual Rules of Practice of Judge Paul G. Gardephe, which incorporate the Court's Standing Order, 19-mc-00583, and ECF Rules & Instructions, Section 6.

17.    The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

18.     Any Party who objects to any designation of confidentiality may at any time before the trial of this Action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph IV(E) of this Court's Individual Practices.

19.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this Action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph IV(E) of this Court's Individual Practices.

20.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this Action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action.

21.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will

bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

22.    Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23.    Within 60 days after a written request by the Producing Party after the final disposition of this Action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

24.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

25.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED this 13 day of June 2022.

DAVIS POLK & WARDWELL LLP

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: */s/ Lawrence Portnoy*
    Lawrence Portnoy
    Greg D. Andres
    Sheila R. Adams
    Craig T. Cagney
    Michael V. Pucci
    450 Lexington Avenue
    New York, New York 10017
    Tel.: (212) 450-4000
    lawrence.portnoy@davispolk.com
    greg.andres@davispolk.com
    sheila.adams@davispolk.com
    craig.cagney@davispolk.com
    michael.pucci@davispolk.com

*Attorneys for Plaintiff*
*JPMorgan Chase Bank, National*
*Association, London Branch*

By: */s/ Jonathan E. Pickhardt*
    Jonathan E. Pickhardt
    Alex Spiro
    Nathan Goralnik
    Jesse Bernstein
    51 Madison Avenue, 22nd Floor
    New York, NY 1001
    Tel: (212) 849-7000
    jonpickhardt@quinnemanuel.com
    alexspiro@quinnemanuel.com
    nathangoralnik@quinnemanuel.com
    jessebernstein@quinnemanuel.com

*Attorneys for Defendant*
*Tesla, Inc.*

IT IS SO ORDERED

Date: _____

_____
Hon. Paul G. Gardephe
United States District Court Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION LONDON BRANCH,

                Plaintiff-Counter-
                Defendant,

       - against -

TESLA, INC.,

                Defendant-Counter-
                Claimant.

**NON-DISCLOSURE
<u>AGREEMENT</u>**

No. 21 Civ. 9441 (PGG)

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____ Dated:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION LONDON BRANCH,

Plaintiff(s)Plaintiff-Counter-Defendant,

- against -

TESLA, INC.,

Defendant(s).Defendant-Counter-Claimant.

STIPULATED

CONFIDENTIALITY AGREEMENT CONFIDENTIALITYAGREEMENT AND PROTECTIVE ORDER

No. 21 Civ. 9441 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:,

This Stipulated Confidentiality Agreement and Protective Order (the "Order") is entered into by and between (i) JPMorgan Chase Bank, National Association London Branch ("JPMorgan"); and (ii) Tesla, Inc. ("Tesla"). Together, JPMorgan and Tesla are the "Parties," and individually, each a "Party."

The Parties have sought or may seek certain "Discovery Material" (as defined below) from one another with respect to this action (the "Action") through requests for documents, interrogatories, depositions, subpoenas and other discovery requests (collectively, the "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Courts of the Southern and Eastern Districts of New York (the "Local Rules"), and the Individual Practices of this Court as applicable (together, the "Rules"). There are or may be certain

persons or entities other than the Parties hereto ("Non-Parties") that may also be served with Discovery Requests in connection with this Action.

~~WHEREAS, all the parties to this action (collectively the "~~The Parties~~" and individually a "Party")~~ request that this Court issue ~~a protective order~~this Order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of ~~nonpublic~~non-public and competitively sensitive information that ~~they~~the Parties and Non-Parties may need to disclose in connection with discovery in this ~~action:~~Action.

 WHEREAS, the Parties, through counsel, agree to the following terms; and
 WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this ~~action~~Action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this ~~action~~Action (including their respective corporate ~~parents~~affiliates, successors, and assigns), their representatives, agents, experts and consultants, all ~~third parties~~Non-Parties providing discovery in this ~~action~~Action, and all other interested persons with actual or constructive notice of this Order ~~—~~ will adhere to the following terms, upon pain of contempt:

1.   ~~With respect to "~~Access to Discovery Material~~" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as~~ shall not be provided to individuals or entities that are not Parties to this Action except as expressly provided herein.

2.   All deadlines stated herein shall be computed pursuant to the Rules.
3.   This Order applies to all "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this Action) produced pursuant to this Order in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses

to requests for admission, documents, information and things produced (including

documents, information, and things produced to a Receiving Party for inspection,

whether in the form of originals or copies) as well as any and all copies, abstracts,

digests, notes, summaries, and excerpts thereof.

4.      This Order applies to all Non-Parties that are served with subpoenas in

connection with this Action or who otherwise produce documents or are noticed for

depositions with respect to this Action. All such Non-Parties are entitled to the

protections afforded hereby and subject to the obligations herein upon signing the Non-

Disclosure Agreement in the form attached hereto as an Exhibit and agreeing to be bound

by the terms of this Order.

5.      Any Party or its counsel serving a subpoena upon a Non-Party, which

subpoena requires the production of documents or testimony, shall serve a copy of this

Order along with such subpoena and instruct the Non-Party recipient of such subpoena

that he, she or it may designate documents or testimony in this Action produced pursuant

to such subpoena according to the provisions herein. Except as set forth in paragraph 13,

a Non-Party shall not have access to Confidential Discovery Material produced by the

Parties or other Non-Parties to this Action.

6.      With respect to Discovery Material that a person has designated as

"Confidential" pursuant to this Order, no person subject to this Order may disclose such

Confidential Discovery Material to anyone else except as this Order expressly permits:.

27.      The Party or ~~person~~Non-Party producing or disclosing

Discovery Material (each

~~("Producing Party") may designate as~~ a "Producing Party") to any other Party (each a

"Receiving Party") may designate as

Confidential only the portion of such material that it reasonably and in good faith

believes consists of:

    (a)     previously non-disclosed financial information <u>proprietary to the Producing Party</u> (including without limitation profitability reports

or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)      previously non-disclosed material relating to ownership or control of any non-public company, its corporate affiliates, successors, and assigns;

(c)      previously      non-disclosed      business      plans, product development product development information, or marketing plans proprietary to the Producing Party;

(d)      any information of a personal or intimate nature regarding any individual; or

(e)      confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency or the former Office of Thrift Supervision as set forth in 12 C.F.R. § 4.32(b), exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. §§ 309.2, 309.5, and 309.6, and confidential information of the Consumer Financial Protection Board as set forth in 12 C.F.R. § 1070.2, and any other records concerning supervision, regulation, and examination of banks, savings associations, their holding companies and affiliates, and records compiled in connection with the enforcement responsibilities of federal and state financial regulatory agencies that is not permitted to be disclosed to a third party absent consent of the applicable regulator or government agency ("Confidential Supervisory Information");

(f)      all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Confidential Supervisory Information; or

(eg)      any other category of information this Court subsequently affords confidential status.

        38.      With respect to the Confidential portion of any Discovery Material other

than deposition transcripts and exhibits, the Producing Party or its counsel may designate

such portion as "Confidential" by: (a) stamping or otherwise clearly marking as

"Confidential" the protected portion in a manner that will not interfere with legibility or

audibility; and (b) producing for future public use another copy of said Discovery

Material with the confidential information redacted.

49.     A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material ("Designated Material") either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

10.     If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Confidentiality Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated. In connection with any request for relief concerning the propriety of a "Confidential" designation, the Producing Party shall bear the burden of proof.

5̶11.    If at any time before the trial of this action̶Action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

12.    Inadvertent production of any Discovery Materials which a Party later claims in good faith should not have been produced because of a privilege including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information") will not by itself constitute a waiver of any applicable privilege. If a document containing privileged information or attorney work product has been inadvertently produced, the Producing Party shall request the return or destruction of such Inadvertently Produced Privileged Information within a reasonable period of time after the Producing Party discovers that it has produced such Information by providing written notice and the basis for a requested designation of privilege to the Receiving Party. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this Order, the Receiving Party shall immediately take commercially reasonable steps to return or destroy the Discovery Material (and copies thereof) and shall take commercially reasonable steps to return or destroy any work product that incorporates the Inadvertently Produced Privileged Information if the Requesting Party agrees with the Producing Party's designation. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis in writing within ten days of receipt of the Producing Party's notification. The

Parties shall thereafter meet and confer regarding the disputed privilege claim. If the

Parties cannot resolve their dispute, either Party may seek a determination from the Court

regarding whether the privilege applies. The Parties shall preserve and may not use the

Inadvertently Produced Privileged Information for any purpose until the dispute is

resolved.

613.    Nothing contained in this Order will be construed as: (a) a waiver by a

Party or person of its right to object to any discovery request; (b) a waiver of any

privilege or protection; or (c) a ruling regarding the admissibility at trial of any

document, testimony, or other evidence.

714.    Where a Producing Party has designated Discovery Material as

Confidential, other persons subject to this Order may disclose such information only to

the following persons:

(a)     the Parties to this ~~action~~Action, their insurers, ~~and~~ counsel to their insurers;

(b)     in-house attorneys for each Party to this Action;

(~~b~~c)     counsel retained specifically for this ~~action~~Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(~~c~~d)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(~~d~~e)     any mediator or arbitrator that the Parties engage in this matter, or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(~~e~~f)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(~~f~~g)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this ~~action~~Action, provided such

person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g<u>h</u>)   any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this ~~action~~<u>Action</u>, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h<u>i</u>)   stenographers engaged to transcribe depositions <u>of</u> the Parties<u>'</u> conduct in this ~~action~~<u>Action</u>; and

(ij)  this Court, including any appellate court, its support personnel, and court reporters.

815.  Before disclosing any Confidential Discovery Material to any person

referred to in subparagraphs 714(de), 7(f), or 714(g), or 14(h) above, counsel must provide a copy of

this Order to such person, who must sign a Non-Disclosure Agreement in the form

annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be

bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement,

hold it in escrow, and produce it to opposing counsel either before such person is

permitted to testify (at deposition or trial) or at the conclusion of the case, whichever

comes first.

9.  In accordance with paragraph 2 of this Court's Individual Practices, any party

filing documents under seal must simultaneously file with the Court a letter brief and

supporting declaration justifying – on a particularized basis – the continued sealing of

such documents. The parties should be aware that the Court will unseal documents if it

is unable to make "specific, on the record findings . . . demonstrating that closure is

essential to preserve higher values and is narrowly tailored to serve that interest."

Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

16.  Any party filing documents under seal shall make a motion or obtain

permission to do so in accordance with Section II (Sealing Requests) of the Individual

Rules of Practice of Judge Paul G. Gardephe, which incorporate the Court's Standing

Order, 19-mc-00583, and ECF Rules & Instructions, Section 6.

~~10~~17.  The Court also retains discretion whether to afford confidential treatment

to any Discovery Material designated as Confidential and submitted to the Court in

connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

decision by the Court.

11.   In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12 18.   Any Party who objects to any designation of confidentiality may at any time before the trial of this action Action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4 Paragraph IV (E) of this Court's Individual Practices.

13 19.   Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action Action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4 Paragraph IV (E) of this Court's Individual Practices.

14 20.   Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action Action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action Action.

1521.   Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will

bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16.22. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.23. Within 60 days of after a written request by the Producing Party after the final disposition of this action Action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

1824.   This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

~~19~~25.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED this 13 day of June 2022.

|  |  | United States District Judge |
|---|---|---|
| ~~Dated:~~ | ~~Dated:~~ | |
| DAVIS POLK & WARDWELL LLP | | |
| By: /s/ Lawrence Portnoy | | |
| Lawrence Portnoy | | |
| Greg D. Andres | | |
| Sheila R. Adams | | |
| Craig T. Cagney | | |
| Michael V. Pucci | | |
| 450 Lexington Avenue | | |
| ~~Dated:~~ New York, New York 10017 | | |
| Tel.: (212) 450-4000 | | |
| lawrence.portnoy@davispolk.com | | |
| greg.andres@davispolk.com | | |
| sheila.adams@davispolk.com | | |
| craig.cagney@davispolk.com | | |
| michael.pucci@davispolk.com | | |
| *Attorneys for Plaintiff* | | |
| *JPMorgan Chase Bank, National* | | |
| *Association, London Branch* | | |

IT IS SO ORDERED~~:~~

Paul G. Gardephe

QUINN EMANUEL URQUHART &
SULLIVAN LLP

By:  */s/ Jonathan E. Pickhardt*
    Jonathan E. Pickhardt
    Alex Spiro
    Nathan Goralnik
    Jesse Bernstein
    51 Madison Avenue, 22nd Floor

New York, NY 1001
Tel: (212) 849-7000
jonpickhardt@quinnemanuel.com
alexspiro@quinnemanuel.com
nathangoralnik@quinnemanuel.com
jessebernstein@quinnemanuel.com

*Attorneys for Defendant*
*Tesla, Inc.*

Date: _____

          Hon. Paul G. Gardephe
          United States District Court Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION LONDON BRANCH,<br><br>Plaintiff(s)Plaintiff-Counter-Defendant,<br><br>- against -<br><br>TESLA, INC.,<br><br>Defendant(s).Defendant-Counter-Claimant. | **NON-DISCLOSURE AGREEMENT**<br><br>No. 21 Civ. 9441 (PGG) |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Dated:

12

| Summary report: Litera® Change-Pro for Word 10.14.0.46 Document comparison done on 6/13/2022 5:19:02 PM | |
|---|---|
| **Style name:** Comments+Color Legislative Moves+Images | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** pggModelProtectiveOrder.pdf | |
| **Modified filename:** 2022.06.13.Protective Order.pdf | |
| **Changes:** | |
| Add | 192 |
| Delete | 86 |
| Move From | 4 |
| Move To | 4 |
| Table Insert | 1 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 287 |