quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

VIA ECF

November 2, 2022

The Honorable Ona T. Wang
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:   *JPMorgan Chase Bank, N.A., London Branch v. Tesla, Inc.*,
       No. 1:21-cv-09441 (PGG) (OTW) (S.D.N.Y.)

Your Honor:

We write respectfully on behalf of Tesla in response to JPM's letter motion filed yesterday, November 1, 2022 (ECF 63). JPM's motion is groundless and was filed without complying with JPM's meet-and-confer obligations under Section II(b) of Your Honor's Individual Practices. Had JPM fulfilled its obligation to confer with Tesla before deciding to burden the Court, it would have understood its motion to be needless as the documents it seeks to compel are already in its possession. Its motion should thus be denied.

On October 18, 2022, the Court granted in part JPM's motion seeking "cloned" discovery (*see* ECF 58). Two days later, we advised JPM's counsel in writing, "we have been working with our litigation support vendor [this] week and expect to get the productions out to you promptly." Indeed, by October 27, the week **before** JPM filed the instant letter motion (ECF 63), Tesla had completed production to JPM of all of the documents that it previously produced in *In re Tesla, Inc. Securities Litigation* (the "*Securities Litigation*"), as well as in *SEC v. Tesla*, and *SEC v. Musk* (the "*SEC* Matters"), as required by the Court's order. By October 28, Tesla had also completed its production of transcripts of depositions taken from Tesla fact witnesses in the *Securities Litigation*. At the time JPM filed its letter motion (ECF 63), Tesla was also hours away from completing its production of exhibits to the depositions of Tesla fact witnesses taken in the *Securities Litigation* and the interview transcripts and exhibits from the *SEC* Matters. Those

productions are now complete. Thus, the branch of JPM's motion seeking a deadline for production of "cloned" discovery is moot and groundless.

The remainder of JPM's motion is likewise meritless. Tesla's productions are more than sufficient to identify the documents produced in the *Securities Litigation* and *SEC* matters. Tesla's productions in the securities class action bear sequential Bates stamps beginning "TESLA_LITTLETON." Documents produced to the SEC by Tesla and its officers and directors are all clearly identified by Bates prefixes such as "TSLA_SECSF" and "BOARD-." In addition, Tesla has previously produced hundreds of pages of production cover letters and other discovery correspondence with the SEC that identify the underlying productions. JPM's assertion that Tesla has "refused" to provide such materials is belied by Tesla's voluminous productions of precisely the information JPM now purports to seek. JPM's contention that it "is unable to determine the completeness of Tesla's productions" (ECF 63, at 2) is demonstrably false and does not "proffer[] an adequate factual basis for [any] belief that the current production is deficient." *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014). In any event, JPM should have reviewed Tesla's document productions and conferred with Tesla before needlessly seeking Your Honor's intervention, as required by the Court's Individual Practices. *See Int'l Bus. Machines Corp. v. Johnson*, 2009 WL 2356430, at *2 (S.D.N.Y. July 30, 2009) ("The Court shall not allow [plaintiff] to litigate this matter through piecemeal, seriatim motions requesting the same relief, especially when the information that is the basis for the successive motion was in [plaintiff]'s possession at the time of the filing….").

Finally, JPM's other mischaracterizations of Tesla's document productions are irrelevant and beyond the scope of the Court's order of reference (*see* ECF 56). JPM had not produced a single document until making its first production in connection with its motion to compel (*see* ECF 52). Contrary to JPM's misleading assertions, Tesla had already produced the highest priority "cloned" discovery and materials well before JPM filed its motion to compel (ECF 52),[1] has expeditiously complied with the Court's order (ECF 58), and looks forward to progressing toward the completion of fact discovery.

Respectfully submitted,

*/s/ Nate Goralnik*

Nathan Goralnik

cc:     All counsel of record (via ECF)

---

[1] Before JPM filed its proposed motion, Tesla had produced thousands of pages of documents that were previously produced in the *Securities Litigation*. Tesla had also produced transcripts of the depositions of Elon Musk, Tesla's former chief financial officer, Deepak Ahuja, and Tesla's head of investor relations, Martin Viecha, as well as the transcript of Elon Musk's interview with the SEC among other materials requested by JPM.