**Davis Polk**

Frances E. Bivens
+1 212 450 4935
frances.bivens@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

August 31, 2023

Re: *JPMorgan Chase Bank, National Association, London Branch v. Tesla, Inc.*,
    Case No. 1:21-cv-9441 (PGG)

The Honorable Ona T. Wang
United States Magistrate Judge for the
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Dear Judge Wang:

We write on behalf of JPMorgan Chase Bank, National Association, London Branch ("JPMorgan") in response to Defendant Tesla, Inc.'s ("Tesla") August 25, 2023 letter requesting a pre-motion conference to compel the production of JPMorgan custodial data from October 2018. ECF No. 105 (the "Pre-Motion Letter," or "Pre-Mot. Ltr."). For the reasons set forth below, Tesla has failed to establish the relevance and proportionality of expanding JPMorgan's already extensive custodial email searches, and Tesla's request should, therefore, be denied.

By way of background, JPMorgan has already produced nearly 50,000 documents, totaling over 230,000 pages, from 15 custodians across the agreed-upon time periods, including August 7, 2018 through September 30, 2018. During the last conference, the Court recognized the importance of moving the case forward, and directed the parties to meet and confer on what they agreed were the last open issues: "[t]ext messages," "[a]udio recordings," and "[d]ocuments related to the [deep dive] memorandum." ECF No. 96.

Notwithstanding the Court's directive, Tesla has now resurrected a request that JPMorgan review and produce custodial data from 7 custodians from October 2018—a request that JPMorgan rejected months ago. Tesla's proposed motion to compel identifies no new evidence supporting its renewed request, and should be denied.

"The party seeking discovery has the burden of demonstrating its relevance." *See Alexander Interactive, Inc. v. Adorama, Inc.*, 2013 WL 6283511, at *5 (S.D.N.Y. Dec. 4, 2013) (citation omitted); *see also Maher v. Johnson*, 2023 WL 4847163, at *2-3 (S.D.N.Y. July 28, 2023) (denying motion to compel that was "not meritorious" because "Plaintiffs have not demonstrated that the requested discovery is proportional to the needs of the case or that its likely benefit outweighs the burden it would place on Defendants"). Tesla has failed to meet that burden by "cit[ing] to specific evidence to challenge [non-movant's] assertions that no additional responsive documents exist." *See Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016). In its Pre-Motion Letter, Tesla points to just two pieces of evidence in support of its contention that searching custodial data from October 2018 is relevant and proportional to the needs of this action. Neither supports Tesla's request that JPMorgan re-open custodial discovery at this stage.

First, Tesla points to email communications summarizing and reacting to a call between JPMorgan's and Tesla's legal departments on October 4, 2018. ECF No. 105-1. After receiving an update on the call, a

**Davis Polk**

senior trader at JPMorgan, Fater Belbachir, plainly stated, "This is now in the hand of legal. Not a lot we can / have to do. We risk manage the deal as per the step we took driven by the legal language of the transactions." *Id*. An October 5, 2018 email stating that there is "*[n]ot a lot we can / have to do*," and "[t]his is now *in the hand of legal*" provides no basis at all to believe there were further responsive and non-privileged communications in October 2018.

Nor does anything in this email contradict JPMorgan's allegations that Tesla did not formally object to the adjustments until February 2019, six months after the adjustments were made. The email shows that Tesla communicated only that it "disagree[d] with the actions that [JPMorgan] took" and that Tesla "invited [JPMorgan] to negotiate." *Id*. There is no suggestion that JPMorgan's business team was contemplating reversing the adjustments. Instead, it was leaving the matter "in the hand of legal." Nothing in this email or the Pre-Motion Letter changes the fact that Tesla did not send any formal written objection to the adjustments until February 13, 2019, and never exercised its rights under the contract to notice a Potential Event of Default if it believed JPMorgan's actions had constituted a breach of contract. If there were further discussions between the parties between October 4, 2018 and February 2019, Tesla would have just as much information about those discussions as JPMorgan. Tesla has never identified or produced any such communications.

Second, Tesla points to an October 15, 2018 email circulating the Market Risk department's post-hoc case study of the Tesla warrant adjustments, known as the "Deep Dive Report." ECF No. 105-2. But Tesla already sought discovery related to the drafting of this report based on the very same email, and JPMorgan has already produced it. During the February 16, 2023 conference, the Court ruled that "at plaintiff's election—either [Tesla] get[s] the final and nonprivileged drafts," or, "the alternative is to do an email search from between August 15 to September 1 of [the author's] email for any communications with any of the custodians that have already been identified." Feb. 16, 2023 Conf. Tr. 21:11-20. JPMorgan did both: it produced the final draft of the Deep Dive Report, and it produced the email communications between the author, Sean Engles, and the other JPMorgan custodians during the August 15 to September 1, 2018 period. JPMorgan has satisfied its discovery obligations with respect to the Deep Dive Report, and an email indicating that it was circulated in October 2018 does not indicate that there are any other responsive documents in October 2018.

Finally, the fact that both emails were produced as part of JPMorgan's productions of 2021 emails, and no other emails from October 2018 were forwarded during that time, provides further evidence that there were no other relevant discussions occurring in October 2018. Both emails were forwarded to different relevant custodians between February 8, 2021 and February 12, 2021, as the warrants began to near maturity. The timing of when these emails were forwarded strongly suggests that they reflected the <u>last</u> relevant discussions on the subject in 2018. Tesla has provided no evidence suggesting otherwise.

In addition to mischaracterizing these email communications, Tesla also resorts to mispresenting counsel's good faith statements in meet and confers. Of course, JPMorgan was surprised to learn during document discovery that there was an October 4, 2018 call between JPMorgan and Tesla, or else it would have proposed that <u>both</u> parties use a date range that included that call from the outset. But JPMorgan has produced the communications summarizing that call. And after both parties have completed their custodial productions from the agreed date ranges, Tesla has never identified any evidence—either from JPMorgan's productions or from Tesla's own productions or internal documents—indicating there were any other communications between Tesla and JPMorgan on this topic prior to February 2019.

For the foregoing reasons, Tesla has failed to carry its burden to show that re-opening custodial email discovery at this stage to search the October 2018 email communications of 7 custodians is relevant and proportional to the needs of this case. Forcing JPMorgan to search and review those communications at

**Davis Polk**

this stage would impose an undue burden on JPMorgan without any apparent benefit to Tesla.  Tesla's motion to compel should be denied.

Respectfully submitted,

*/s/ Frances E. Bivens*

Frances Bivens

cc:     All counsel of record (via ECF)

August 31, 2023 3